| | |
|---|---|
| CHRIS BRUSZNICKI<br>939 W. North Ave. Ste 830<br>Chicago, IL 60642 | IN THE<br><br>CIRCUIT COURT |
| and | FOR |
| Thornton Mellon LLC<br>939 W. North Ave. Ste 830<br>Chicago, IL 60642 | PRINCE GEORGE'S COUNTY<br><br>CASE NO.: |
| and | |
| GEOFFREY POLK<br>939 W. North Ave. Ste 830<br>Chicago, IL 60642 | |
| Plaintiffs, | |
| v. | |
| PRINCE GEORGE'S COUNTY,<br>MARYLAND<br>Serve: Jared McCarthy, Resident Agent<br>1301 McCormick Drive<br>Suite 4100<br>Largo, MD 20774 | |
| Serve also: | |
| STATE OF MARYLAND<br>Serve: Maryland State Attorney General,<br>Brian E. Frosh<br>200 St. Paul Place<br>Baltimore, MD 21202<br>Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DECLARATORY JUDGMENT & INJUNCTIVE RELIEF**

The Plaintiffs, Christopher Brusznicki ("Brusznicki") and Thornton Mellon LLC ("Thornton Mellon") through counsel, and Geoffrey Polk ("Polk"), pro se, file this Complaint.

## INTRODUCTION

1. The instant action arises out of the unconstitutional actions of Prince George's County, Maryland in their offering of Limited Tax Sales pursuant to MD Tax-Property §14-817. The Limited Tax Sale offered by Prince George's County discriminates against non-residents and further attempts to restrict a tax sale purchaser's ability to alienate the purchaser's property after the tax sale. As will be explained further below, the United States Constitution – through the privileges and immunities clause of the Fourteenth Amendment - prevents a state actor from discriminating against non-residents. Furthermore, the attempt to limit a tax sale purchaser's right to assign the purchased tax sale certificate to an entity or person of their choosing is an unreasonable restriction on the party's right to alienate its own property.

## THE PARTIES

2. Plaintiff Thornton Mellon is a duly registered Maryland limited liability company.
3. Plaintiff Brusznicki is a resident of the State of Illinois and an honorably discharged member of the United States Army.
4. Plaintiff Polk is a citizen of Illinois. Plaintiff Polk is also a licensed attorney admitted to practice law in the State of Maryland.
5. Defendant Prince George's County is a governmental actor.

## FACTUAL ALLEGATIONS

6. On May 13, 2019, Defendant Prince George's County Maryland held a Limited Tax Sale pursuant to MD Tax Property §14-817 ("Limited Tax Sale").

7. The participants in the Limited Tax Sale is defined by MD Tax Property §14-817(d)(3), and is limited to the following classes individuals:

   (i) employed in a public school located in Prince George's County;
   (ii) employed by the Prince George's County Police Department;
   (iii) employed by the Prince George's County Fire Department;
   (iv) employed by the Prince George's County Office of the Sheriff;
   (iv) employed by the Prince George's County Department of Corrections;
   (v) employed by the Prince George's County government in a position not included under item (i), (ii), (iii), (iv), or (v) of this paragraph;
   (vi) employed by the federal government;
   (vii) employed by a municipal government in Prince George's County;
   (ix) a veteran of any branch of the armed forces of the United States who has received an honorable discharge; or
   (x) a resident of Prince George's County.

8. Plaintiff Brusznicki is qualified to participate in the Limited Tax Sale in that he is a veteran of the United States Army and received an honorable discharge.

9. Plaintiff Polk is a seasoned tax sale attorney and sought to participate in the Limited Tax Sale.

10. Plaintiff Polk, on several occasions, contacted the Prince George's County Tax Sale Office in order to ascertain whether he was eligible to participate in the Limited Tax Sale.

11. Plaintiff Polk was repeatedly informed that he was not eligible to participate because he was not a resident of Prince George's County, nor did he fit any of the other classes of allowed parties.

12. Plaintiff Polk would have participated had he been allowed.

13. Plaintiff Brusznicki purchased nine (9) property tax liens in the Limited Tax Sale. A true and complete list of the certificates are listed in Exhibit A.

14. On August 5, 2019, Plaintiff Brusznicki assigned the tax lien for 7310 Donnell Place, Parcel ID 06-0526327 (hereafter "Donnell Tax Lien") to Thornton Mellon LLC. A true and complete copy of the assignment is attached hereto as <u>Exhibit B</u>.

15. On August 8, 2019, Prince George's County refused to honor the assignment of the Donnell Tax Lien pursuant to MD Tax Property §14-821.

16. This statute holds that "[A] certificate of sale issued to a purchaser at a limited auction…may not be assigned to another person."

17. Plaintiff Polk asserts that he has been irreparably harmed and discriminated against – without substantial justification - by Prince George's County's refusal to allow him to participate in the Limited Tax Sale due to his status as an out of state citizen.

18. Plaintiff Brusznicki asserts that he has been irreparably harmed by way of Prince George's County's violation of his right to alienate his property.

19. Plaintiffs have incurred costs in the filing of this action.

20. Plaintiffs have incurred attorney fees in the filing of this action.

**COUNT I: INJUNCTIVE RELIEF**
**(MD Tax Property §14-817)**

21. The Plaintiffs incorporate all other paragraphs of this Complaint as if set forth herein.

22. The privileges and immunities clause of the Fourteenth Amendment prevents a state from discriminating against citizens of other states where there is no substantial reason beyond the mere fact that they are citizens of other states. *Toomer v. Witsell*, 334 U.S. 385 (1948).

23. In this situation, Prince George's County, through laws enacted by the State of Maryland, continually excludes citizens of other states and counties from participating in the Limited Tax Sale based on their status as non-citizens of Prince George's County.

24. Plaintiff Polk is a seasoned tax sale attorney who attempted to participate in the Limited Tax Sale but was rebuffed due to his status as an Illinois resident.

25. Plaintiff Polk has suffered irreparable injury in that he lost the opportunity to participate in the Limited Tax Sale on May 13, 2019, and will continue to lose out on other Limited Tax Sales as long as Prince George's County continues to enforce MD Tax Property §14-817.

26. Plaintiffs request that this Court issue an order of injunctive relief commanding and ordering Defendant to refrain from enforcing the list of eligible participants as set forth in MD Tax Property §14-817 in that it is in violation of the privileges and immunities clause of the Fourteenth Amendment.

## COUNT II: INJUNCTIVE RELIEF
(MD Tax Property §14-821))

27. The Plaintiffs incorporate all other paragraphs of this Complaint as if set forth herein.

28. Maryland law concedes to every person of sound mind the right to dispose of property in any lawful manner that he or she may deem proper. *Masius v. Wilson*, 213 Md. 259, 131 A.2d 484 (1957); *Meley v. De Coursey*, 204 Md. 648, 106 A.2d 65 (1954); *Myers v. Myers*, 185 Md. 210, 44 A.2d 455 (1945); *Williams v. Robinson*, 183 Md. 117, 36 A.2d 547 (1944).

29. The rules against restraints on alienation were intended to make the transfer of property free and unrestrained. *Meade v. Dennistone*, 173 Md. 295, 196 A. 330, 114 A.L.R. 1227 (1938).

30. MD Tax Property §14-821 restricts a tax sale purchaser's ability to transfer and assign a purchased tax sale certificate without any basis.

31. The prohibition against the transferability of the tax sale certificate is an unreasonable restraint on the alienation of a lawfully purchased tax sale certificate.

32. In the case at hand, Prince George's County refused to honor the assignment of the Donnell Tax Lien.

33. Plaintiff Brusznicki holds other tax liens that he purchased from the Limited Tax Sale that he is now unable to assign based on Prince George's County's enforcement of MD Tax Property §14-821.

34. Plaintiff Brusznicki has been irreparably harmed, and will continue to be irreparably harmed, by Prince George's County's enforcement of MD Tax Property 14-821.

35. Plaintiffs request that this Court issue an order of injunctive relief commanding and ordering Defendant to refrain from enforcing the MD Tax Property §14-821 in that it is an unreasonable restraint on Plaintiff Brusznicki's right to alienate his property.

### COUNT III: DECLARATORY JUDGMENT
### (MD Tax Property §14-817)

36. The Plaintiffs incorporate all other paragraphs of this Complaint as if set forth herein.

37. The privileges and immunities clause of the Fourteenth Amendment prevents a state from discriminating against citizens of other states where there is no substantial reason beyond the mere fact that they are citizens of other states. *Toomer v. Witsell*, 334 U.S. 385 (1948). Defendant is in violation of the privileges and immunities clause in that he is being unreasonably discriminated against because he is not a resident of Prince George's County.

38. An actual controversy exists between the Plaintiffs and the Defendant regarding Plaintiff Polk's right to participate in the Limited Tax Sale.

39. Antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation in that Plaintiff Polk continues to maintain a desire to participate in the Limited Tax Sale and he is being precluded from doing so by Prince George's County.

40. Furthermore, Plaintiff Polk is being denied the right to participate in the public Limited Tax Sale by Prince George's County based on his status as an Illinois resident, which presents a situation in which the Plaintiffs and the Defendants maintain adversarial positions regarding the Limited Tax Sale.

41. Prince George's County's refusal to allow Plaintiff Polk to participate in the Limited Tax Sale is in violation of the privileges and immunities clause of the 14th Amendment of the United States Constitution.

42. Therefore, Plaintiffs request from this Court a Declaratory Judgment declaring the Limited Tax Sale statute – and Prince George's County's enforcement of the same - unconstitutional and in violation of the privileges and immunities clause of the United States Constitution.

## COUNT IV: DECLARATORY JUDGMENT
### (MD Tax Property §14-821)

43. The Plaintiffs incorporate all other paragraphs of this Complaint as if set forth herein.

44. An actual controversy exists between the Plaintiffs and the Defendant regarding the right to assign and/or transfer tax liens purchased at the Limited Tax Sale. Specifically, Prince George's County has declared the Donnell Tax Lien assignment ineffective and refused Brusznicki's right to alienate the properly purchased Donnell Tax Lien.

45. Antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation in that Prince George's County has denied Plaintiff Brusznicki's right to alienate his property.

46. Furthermore, Plaintiff Brusznicki is being denied the right to alienate property purchased from Prince George's County, which presents a situation in which the Plaintiffs and the Defendants maintain adversarial positions regarding the Limited Tax Sale.

47. Prince George's County refuses to recognize the lawful assignment of certificates that are an unlawful restraint on alienation.

48. Plaintiffs request from this court a Declaratory Judgment declaring restraint on alienation of tax sale certificates unlawful and prohibiting Defendants from enforcing the same in the future.

49. Plaintiffs request from this Court a Declaratory Judgment requiring the Defendants to honor valid assignments of tax sale certificates and declaring the restraint on alienation of tax sale certificates unlawful and prohibiting Defendants from enforcing the same in the future.

WHEREFORE, Your plaintiffs prays to the end, therefore:

A. THAT, this Honorable Court may pass a judgment against Defendant declaring the MD Tax Property 14-817 list of "eligible participants" unconstitutional and in violation of the privileges and immunities clause of the 14th Amendment of the United States Constitution;

B. THAT, this Honorable Court may pass a judgment against Defendant declaring MD Tax Property 14-821(b) and unlawful restraint on alienation and void;

C. THAT, this Honorable Court may pass an order of injunctive relief commanding and ordering Defendant to refrain from enforcing MD Tax Property §14-817 and 14-821(b).

D. THAT, this Honorable Court may pass a judgment granting Plaintiffs costs and reasonable attorney's fees.

E. THAT, Plaintiffs may have such other relief as the nature of this cause of action may require.

                                                Geoffrey Polk, Attorney At Law
                                                939 W. North Ave. Ste 830
                                                Chicago, IL 60642
                                                Ph: 312-929-3861
                                                Fax : 1-888-480-9608
                                                Email : Geoff@geoffreypolk.com

I, Geoffrey Polk, hereby certify that I am licensed and admitted to practice law in the state of Maryland.

                                                Geoffrey Polk, Esquire

I do solemnly declare and affirm under the penalties of perjury that the matters and facts set forth herein are true to the best of my knowledge, information, and belief.

   August 26, 2019                                   
Dated                                          Name: Christopher Brusznicki
                                                Address: 341 W Scott
                                                Chicago, IL 60610
                                                Phone: 312-927-0670
                                                Email: chris@bronsonlee.com

State of     ILLINOIS    :
County of   COOK       :

     On this the 26th day of August 2019, before me, a Notary Public, in the jurisdiction aforesaid, the undersigned Officer, personally appeared and upon being duly sworn, Christopher Brusznicki known to me (or has satisfactorily proven) to be the person whose name is subscribed

to the within document above, and states that he is competent to testify thereto and that the facts stated in the foregoing Complaint are true to the best of his personal knowledge, information, and belief, and that he has personal knowledge of the facts allegedly contained herein.

I hereunto set my hand and official seal.

_____
Notary Public
My Commission Expires:    10/18/21

Official Seal
Edward David Tilly
Notary Public State of Illinois
My Commission Expires 10/18/2021

EXHIBIT A



Prince George's County Government
Office of Finance – Treasury Division
14741 Governor Oden Bowie Drive Suite 1090
Upper Marlboro, MD 20772
Phone: 301-952-3948

May 13, 2019

| Invoice to: | |
|---|---|
| Bidder Name | christopher brusznicki |
| Bidder Number | 297 |
| Certificate Name | |

The following certificates were awarded as a result of your participation in the 2019 Prince George's County Tax Sale:

| Batch # | Sequence # | Parcel ID | Taxes | Assessed Value | Bid Amount | Bidder ID | Premium | Investment |
|---|---|---|---|---|---|---|---|---|
| 1 | 114 | 2268126 | $1,054.63 | $38,667.00 | $15,000.00 | 297 | $00.00 | $1,054.63 |
| 1 | 317 | 1271691 | $877.24 | $45,000.00 | $15,000.00 | 297 | $00.00 | $877.24 |
| 1 | 348 | 2268118 | $1,054.63 | $38,667.00 | $15,000.00 | 297 | $00.00 | $1,054.63 |
| 2 | 1992 | 526533 | $778.42 | $38,000.00 | $15,000.00 | 297 | $00.00 | $778.42 |
| 2 | 2948 | 431213 | $1,448.55 | $60,100.00 | $24,000.00 | 297 | $00.00 | $1,448.55 |
| 3 | 4676 | 1333806 | $809.62 | $40,000.00 | $15,000.00 | 297 | $00.00 | $809.62 |
| 3 | 4898 | 2051928 | $602.17 | $182,333.00 | $74,753.00 | 297 | $363.96 | $966.13 |
| 3 | 4915 | 2241321 | $1,059.56 | $39,667.00 | $15,000.00 | 297 | $00.00 | $1,059.56 |
| 3 | 5038 | 0526327 | $778.42 | $38,000.00 | $15,000.00 | 297 | $00.00 | $778.42 |
| | | | | | | | | (1,000.00) |
| | | | | | | | Total Due | $7,827.20 |

PLEASE SUBMIT GUARANTEED FUNDS (I.E CASH, CASHIER'S CHECK, MONEY ORDER OR WIRE TRANSFER ) FOR THE **TOTAL DUE** BY 3:00 P.M. EASTERN STANDARD TIME ON TUESDAY, MAY14, 2019. **NO MAILED-IN PAYMENTS** WILL BE ACCEPTED.

CASH OR CASHIER'S CHECKS MUST BE DELIVERED BY 3:00 P.M. ON MAY 14, 2019 TO:

Prince George's County Office of Finance
County Administration Building
14741 Governor Oden Bowie Drive, Suite 1090
Upper Marlboro, MD 20772

WIRE TRANSFERS MUST BE SENT TO:

BANK NAME: Wells Fargo Bank, NA

BANK ROUTING #:121000248

BANK ACCOUNT NAME: Prince George's County, MD

BANK ACCOUNT #: 4124317512

REFERENCE: Tax Sale Bidder #

ALL FUNDS MUST BE RECEIVED BY 3:00 P.M. EASTERN STANDARD TIME, TUESDAY MAY 14, 2019. FAILURE TO SUBMIT FUNDS BY THE DEADLINE WILL CAUSE YOU TO FORFEIT ALL PROPERTIES AWARDED.

BIDDERS MUST ALSO COMPLETE AN IRS W-9 AND AN AUTHORIZATION FOR ELECTRONIC FUNDS DISBURSEMENT FORM FOR ACH PAYMENTS. FAILURE TO SUBMIT A COMPLETED W-9 WILL DELAY YOUR

REDEMPTION REIMBURSEMENT.

BEGINNING IN FY17, REDEMPTION PAYMENTS WILL ONLY BE SENT VIA ELECTRONIC ACH TRANSFER. NO CHECK PAYMENTS WILL BE ISSUED FOR REDEMPTION PAYMENTS.

EXHIBIT B

## ASSIGNMENT OF CERTIFICATE OF TAX SALE

In consideration of the sum of Seven Hundred Seventy Eight Dollars and Forty Two Cents ($778.42), I, Christopher Brusznicki, do hereby sell, assign, transfer and set over to THORNTON MELLON LLC, a Maryland limited liability company, and their heirs, executors, administrators and assigns, the Certificate of Tax Sale with respect to the property at 7310 Donnell Place, Parcel ID 06-0526327, and all my right, title and interest in or to the real estate described therein, to have and to hold the same to myself, his heirs, executors, administrators and assigns, to his and their sole use, benefit, and behoof forever.

Given under my hand this 5th day of August, 2019.

_Christopher Brusznicki_

State of     IL         :
County of   COOK       :

On this 5th of August, 2019 before me, a Notary Public, in the jurisdiction aforesaid, the undersigned Officer, personally appeared Christopher Brusznicki, known to me (or has satisfactorily proven) to be the person whose name is subscribed to the within document, and acknowledged that he/she executed the same in my presence for the purposes therein contained.

I hereunto set my hand and official seal.

Notary Public
My Commission Expires:   10/18/21

Official Seal
Edward David Tilly
Notary Public State of Illinois
My Commission Expires 10/18/2021

